UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUDY O. PEREZ ESTRADA** | **CIVIL ACTION NO: 22-3498** |
| **PLAINTIFF** | |
| | **SECTION:** |
| **VERSUS** | |
| | **JUDGE:** |
| **TESVICH OYSTER CORPORATION** | |
| **and DOCK 5723, LLC** | **MAG: JUDGE** |
| **DEFENDANTS** | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes, RUDY O. PEREZ ESTRADA, an adult domiciled in Buras, Louisiana, who with respect avers as follows:

I.

Plaintiff brings this action pursuant to 46 U.S.C. §30104 of the Merchant Marine Act, also known as the Jones Act, and the statutes supplemental and amendatory thereto, and the General Maritime Law of the United States, seeking damages, including payment of maintenance and cure benefits, related to injuries sustained in a work-related, marine incident that occurred while docked on the Hopedale Canal on September 28, 2021 (at times, simply "incident").

II.

As the injuries sustained in this event were caused in whole or in part by a sub-standard dock, Plaintiff asserts herein the laws of the State of Louisiana, including Louisiana Civil Code article 2315, 2317 and 2322, whether as part of the General Maritime Law or standing alone.

III.

Defendant TESVICH OYSTER CORPORATION is a domestic business corporation, domiciled in Plaquemines Parish and doing business in St. Bernard Parish, State of Louisiana, who

at all times pertinent hereto was the employer of Mr. Perez Estrada and the owner and operator of La 6438 GA, the oyster vessel on which Mr. Perez Estrada worked as a deckhand.

IV.

Defendant DOCK 5723, LLC, a domestic limited liability company, domiciled in Plaquemines Parish, who at all times pertinent hereto was the owner of the dock located at or near 5721-5722 Hopedale Highway, St. Bernard Parish, and had care, custody and control of the dock where the incident occurred.

V.

Upon information and belief, TESVICH OYSTER CORPORATION and DOCK 5723, LLC are closely related, and both owned and operated, at least in part, by the same individual.

VI.

Jurisdiction and venue are proper as the incident occurred while egressing a vessel on the Hopedale Canal, and inland navigable waterway of the United States, within St. Bernard Parish, Louisiana. Plaintiff invokes the Court's supplemental jurisdiction under 28 U.S.C. § 1367 for any state law claims against DOCK 5723, LLC.

VII.

La 6438 GA is a 51-foot vessel used to harvest oysters, which at all times pertinent hereto, was owned and operated by defendant, TESVICH OYSTER CORPORATION.

VIII.

Plaintiff, Mr. Perez-Estrada, was assigned to the La 6438 GA as a member of her crew, and worked aboard the vessel as a deckhand, furthering the mission of the vessel by harvesting oysters from aboard the vessel.

IX.

On or about September 28, 2021, the La 6438 GA returned from harvesting oysters and docked at the dock owned by DOCK 5723, LLC, which upon information and belief has a listed street address of 5721-5722 Hopedale Highway, St. Bernard, Louisiana.

X.

Once docked, Mr. Perez Estrada wished to disembark the vessel to go to his truck. The vessel did not provide a platform or walkway for the crew to disembark; consequently, Mr. Perez-Estrada had to leap or jump from the vessel to the top of the bulkhead bordering the dock. Further complicating the egress, gaping holes and rotting wood on top of the bulkhead required the crew to try to land on the narrow edge of the bulkhead between the water and the holes on the dock. As Mr. Perez Estrada attempted to transition from the boat to land, his foot slipped on the narrow edge of the bulkhead, causing him to fall.

XI.

As a result, Mr. Perez Estrada sustained serious injuries; including, a fractured wrist which required surgery to repair. Mr. Perez Estrada still suffers from pain and limitations due to his injury.

XII.

TESVICH OYSTER COMPANY as Jones Act employer has a non-delegable duty to furnish Mr. Perez Estrada with a safe means of ingress and egress to and from the vessel. The scope of this duty extends from the vessel to the shore and includes the dock to which the vessel may be berthed, and adjacent land. The vessel owner has the duty to inspect the means of ingress and egress for risks and to take reasonable precautions to remedy same.

XIII.

Defendant TESVICH OYSTER COMPANY is liable to Mr. Perez Estrada for the injuries described above due to its negligence in the following respects:

a) Failing to provide plaintiff with a reasonably safe place to work;
b) Failing to provide safe ingress and egress from the vessel to the shore;
c) Failing to inspect the means of ingress and egress and/or take reasonable precautions to remedy same.
d) Failing to maintain La 6438 GA, its appurtenances and equipment, in a reasonably safe condition;
e) Failing to implement a reasonable safety job program, including job safety analysis.
f) Failing to properly train the captain and crew of the vessel;
g) Failing to adequately inspect equipment on the vessel for deficiencies and/or correct deficiencies found;
h) Failing to warn plaintiff of the aforementioned hazards;
i) Any and all other acts of negligence that will be shown at the trial of this matter.

XIV.

Defendant TESVICH OYSTER COMPANY has direct control over captains and crew who operate its vessels, regardless of the legal labels it attaches. Defendant TESVICH OYSTER COMPANY is liable to Mr. Perez Estrada under General Maritime Law for the incident and resulting injuries described above due to the unseaworthiness of La 6438 GA, owned, operated and/or controlled by Defendant, in one or more of the following respects:

a) Failing to provide plaintiff with a seaworthy vessel and reasonably safe place to work;
b) Failing its non-delegable duty to assure safe ingress and egress from the vessel to the shore;
c) Failing to fit the La 6438 GA, with appropriate appurtenances and equipment, including a landing platform;
d) Failing to properly train the captain and crew of the vessel;
e) Failing to adequately inspect the landing facility equipment on the vessel for deficiencies and/or correct deficiencies found;
f) Failing to warn plaintiff of the aforementioned hazards;
g) Any and all other unseaworthy conditions that will be shown at the trial of this matter.

XV.

Defendant DOCK 5723, LLC knew or should have known that vessels would tie up to the pilings in front of the bulkhead and that persons related to its business would exit and enter those vessels at that location. The bulkhead that caused Plaintiff's injury lacked decking for an extended period of time prior to this incident, a dangerous condition that was readily ascertainable by any reasonable inspection of the premises by said owner. Defendant DOCK 5723, LLC is liable to Mr. Perez Estrada under the laws of Louisiana or General Maritime Law for the incident and resulting injuries described above as a result of the bulkhead's ruin and due to its negligence in the following non-exclusive particulars:

a) Failing to properly inspect and maintain its property in a reasonably safe condition;
b) Allowing its dock to fall into such a state of disrepair that it created an unreasonable risk of harm to Mr. Estrada Perez;
c) Any and all acts of negligence shown at the trial of this matter.

XVI.

Defendants TESVICH OYSTER COMPANY and DOCK 5723, LLC are liable unto Mr. Perez Estrada for the following damages:

a) Past, present and future medical expenses;
b) Past, present, and future physical pain and suffering;
c) Past, present, and future medical and emotional pain and suffering;
d) Disability/Loss of enjoyment of life;
e) Lost wages and loss of earning capacity; and
f) Any other damages recoverable under applicable laws.

XVII.

As Mr. Perez Estrada's employer, Defendant TESVICH OYSTER COMPANY, is also obligated to pay maintenance and cure benefits until such time as he reaches maximum medical improvement.

PRAYER

WHEREFORE, Plaintiff Rudy Perez Estrada prays that after all legal proceedings and due delays are had that there by a judgment in favor of the Plaintiff, and against Defendants, TESVICH OYSTER COMPANY and DOCK 5723, LLC for damages in a just and adequate sum, for all allowable court costs and expenses, judicial interest until paid, and for all other general and equitable relief allowed by law and this Court.

Respectfully Submitted,

WALTZER WIYGUL & GARSIDE, LLC

/s/ *Cheryl L. Wild-Donde'Ville*

JOEL WALTZER (#19268)
CHERYL WILD-DONDE'VILLE (#28805)
3201 General DeGaulle Dr., Ste. 200
New Orleans, LA 70114
Telephone No.: (504) 340-6300
Facsimile No.: (504) 340-6330
joel@wwglaw.com; cheryl@wwglaw.com
Service: service@wwglaw.com

and

SILVA LAW FIRM
CRISTIAN P. SILVA (#32052)
1818 Manhattan Blvd., Suite 2
Harvey, LA 70058
Telephone No.: (504) 301-2549
Facsimile No.: (504) 301-3381
Email: cristian@silvalawfirm.net